MICHAEL E. KIRBY, Judge.
11 This is a personal injury case arising from a vehicular accident. Plaintiff, Raquel Munoz, appeals the trial court judgment rendered in favor of defendants, Norden Mayfield[1]; his employer, the Sewerage & Water Board of New Orleans (“S & WB”); and its insurer, National Union Fire Insurance Company of Louisiana. Upon review, we conclude the evidence clearly supports the trial court’s finding that Ms. Munoz was at fault, and, therefore, affirm the judgment.
The accident occurred at the intersection of Earhart Boulevard and Eagle Street during early morning rush hour traffic. Earhart, the favored street, is a two-way boulevard with a median separating the two eastbound lanes from the two westbound lanes. Eagle, a single lane, two-way street, runs north and south. The Earhart/Eagle Street intersection has no control signal light, but one block to the east, at the intersection of Earhart and Leonidas Street, there is one. At the time, Ms. Munoz was driving her car eastbound on Earhart when she struck a S & WB pick-up truck traveling south on Eagle driven by Mr. Mayfield.[2]
|2Ms. Munoz alleged that Mr. Mayfield, while attempting to make a left turn onto Eagle from the westbound lane of Earhart, failed to yield the right-of-way to her vehicle. Defendants, on the other hand, claimed that Mr. Mayfield had already crossed safely through the intersection at Earhart when Ms. Munoz’s vehicle stuck the right passenger side bed of his work truck. They argued that Ms. Munoz was illegally traveling in the eastbound shoulder lane of Earhart and violated New Orleans Municipal Code Sec. 154-482[3], subsection b, by failing to yield to *564 Mr. Mayfield, who had pre-empted the intersection.
In reasons for judgment, the trial court characterized the case as a “swearing contest.’ ” Notably, he gave no weight to the testimony of the accident investigator, Officer Mason Suell, who had admitted that the accident report contained numerous errors, e.g., he mislabeled the streets and vehicles and failed to indicate the shoulder lane on Earhart. The trial court found defendants’ account of the accident more consistent with the facts and physical evidence, particularly the location of the vehicles and place of impact. Contrary to Ms. Munoz’s claim, the trial court found no evidence that Mr. Mayfield was attempting to make a left turn from westbound Earhart. Rather, he found that Mr. Mayfield was traveling straight on Eagle and had already crossed both eastbound lanes of Earhart when the [ ^accident occurred. The trial court determined that Ms. Munoz had the duty to yield the right-of-way to Mr. Mayfield, citing New Orleans Municipal Code Sec. 154-182. (Emphasis added).
On appeal, Ms. Munoz argues that, as a matter of law, the trial court erroneously applied New Orleans Municipal Code Sec. 154-182, which has no legal effect, as it is currently an undesignated section reserved for a future-enacted municipal ordinance. Defendants concede that the trial court referenced Sec. 154-182 in its reasons for judgment; however, they contend it was merely a typographical error that should have read “Sec. 154-482.” We agree.
The record discloses that throughout the trial and post-trial the defense had argued that Sec. 154-482 was the applicable ordinance. In the reasons for judgment, the trial court stated, in pertinent part, “Mr. Mayfield had lawfully entered the intersection and, thus; plaintiff had the duty to yield the right-of-way to him.” We conclude from that statement that the trial court relied on Sec. 154-482 (see n. 1, infra) in finding Ms. Munoz at fault.
Ms. Munoz next argues that trial court erred by shifting the duty to yield from Mr. Mayfield to her, considering she was traveling on the favored street and the local ordinance requires that a motorist turn right from the area closest to the curb, in this case the shoulder lane, citing New Orleans Municipal Code Sec. 154-436(1)[4] and Winfield v. Dih, 2001-1357, p. 1 (La.App. 4 Cir. 4/24/02), 816 So.2d 942[5]. To the contrary, defendants contend that the evidence supports the conclusion that Ms. Munoz was neither turning nor attempting to turn right onto Eagle but rather was traveling illegally in the shoulder, a violation of La. R.S. 32:74(B)[6].
*565 Nothing in the reasons for judgment indicates the trial court found that Ms. Munoz was, in fact, attempting a right turn from the shoulder lane. Rather, the trial court found Mr. Mayfield was traveling straight on Eagle and had already crossed both eastbound lanes of Earhart when the accident occurred. The issue, therefore, is whether or not the trial court’s factual finding was reasonable and supported by evidence in the record. See Hanks v. Entergy Corp., 2006-0477, p. 22-23 (La.12/18/06); 944 So.2d 564, 580.
Mr. Mayfield testified that he was traveling south on Eagle, had crossed the westbound lanes of Earhart, and then stopped in the median to assess whether he could safely cross the eastbound lanes. Before proceeding from the stop, he looked left (east) to insure that the traffic light at Leonidas had turned red, and then looked right to insure that the traffic in eastbound lanes of Earhart had stopped to allow him to pass. When the intersection cleared, he slowly crossed eastbound Earhart. As he crossed, the two lines of vehicles that had backed up in the eastbound lanes were obstructing his view of Ms. Munoz’s oncoming vehicle. Mr. May-field corroborated Ms. Munoz’s testimony that she was traveling approximately 20-25 |sm.p.h. when her vehicle struck the right passenger side of the S & WB pickup truck. According to Mr. Mayfield, the collision happened too fast for him to take any evasive action.
Mr. Mayfield’s supervisors, Lester Caruso and David Gagliano, testified that they went immediately to the accident scene. According to them, Ms. Munoz’s vehicle was stopped in the shoulder area of the intersection, not near the curb, while the front end cab of the S & WB truck was stopped in the middle of Eagle well past the shoulder area of the intersection. They testified that the damage to the S & WB truck was on the right passenger side of the bed between the cab and rear tire. The photograph in evidence corroborates the defense witnesses’ testimony that Ms. Munoz’s vehicle hit the S & WB pick-up on the right passenger side of the bed.
After reviewing the entire record, we conclude that trial court’s findings that Mr. Mayfield had already safely crossed the two eastbound lanes of Earhart when the accident occurred and that Ms. Munoz was at fault for failing to yield the right-of-way to him were reasonable in view of the evidence. Although the trial court expressed no finding regarding whether Ms. Munoz was making a legal right turn from the shoulder lane, it is reasonable to conclude, based upon her own admission that she was traveling 20-25 m.p.h. when the accident occurred, that she was not making a right turn at that speed.
Accordingly, for the above reasons, we affirm the trial court judgment.
AFFIRMED.

. The original petition, answer and judgment refer to the defendant as "Mayfield Norden.” However, the trial transcript and other evidence indicate that the defendant's name is Norden Mayfield.

. In her original petition, Ms. Munoz alleged only that she was traveling in the right eastbound lane of Earhart when the accident occurred. At trial, she testified that she was in the right eastbound lane of Earhart trying to turn right onto Eagle when the accident occurred. Yet, in her appeal brief, while never admitting to traveling in the shoulder lane, Ms. Munoz alludes to lawfully being there because the local ordinance requires a right-turning driver to turn as close as practicable to the right curb.

. New Orleans Municipal Code Sec. 154-482 provides:
Vehicles entitled to right-of-way on certain intersections streets.
(a) Upon entering or crossing a boulevard from any street on which no traffic control sign or signal is erected, the driver or a vehicle or operator of a streetcar shall proceed cautiously, yielding to vehicles which are within the intersection or approaching so closely as to constitute an immediate hazard.
(b) The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway.
(c) When two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right.
(d) The right-of-way rules declared in subsections (b) and (c) of this section are modified *564 at through streets and otherwise as stated in this chapter.

. New Orleans Municipal Code Sec. 154-436 provides:
Required position and method of turn at intersection.
The driver of a vehicle intending to turn at any intersection shall proceed as follows:
(1) Right turns. Both the approach for a right turn and a right turn shall be made as close as practicable to the right-hand curb or the edge of the roadway.

. In Winfield, the collision occurred when two vehicles were simultaneously turning right onto the same street, one from the far right travel lane and one from the right shoulder lane. We concluded that the driver turning right from the shoulder lane closest to the curb did so legally under Sec. 154-436, but, nonetheless, both drivers were equally at fault for being inattentive. 2001-1357, at pp. 12-13, 816 So.2d at 950-951.

.La. R.S. 32:74(B), provides:
The driver of a vehicle may overtake and pass another vehicle upon the right only under conditions permitting such movement in safety. In no event shall such movement be made by driving off the pave *565 ment or main traveled portion of the highway.